In re HOLYWELL CORPORATION, et al., Debtors.

HOLYWELL CORPORATION
and Theodore B. Gould,
Appellants,

v.

The BANK OF NEW YORK, and Fred Stanton Smith, Individually and as Trustee of the Miami Center Liquidating Trust, Appellees.

No. 94–0111–CIV.
Bankruptcy Nos. 84–01590–BKC–PCH to 84–01594–BKC–PCH.
Adv. No. 87–0627–BKC–PCH–A.

United States District Court,
S.D. Florida.

Jan. 20, 1995.

**992**

Robert M. Musselman, Charlottesville, VA, for appellants.

Theodore B. Gould, pro se.

Herbert Stettin, Herbert Stettin, P.A., Vance E. Salter, Coll, Davidson, Carter, Smith, Salter & Barkett, P.A., Miami, FL, for appellees.

Jose F. Deleon, U.S. Dept. of Justice, Washington, DC, Amicus for U.S.

### FINAL ORDER AFFIRMING BANKRUPTCY COURT'S ORDERS

ARONOVITZ, District Judge.

BEFORE THIS COURT is Holywell Corporation and subsidiaries, and Theodore B. Gould ("Debtors") appeal from the following Orders entered by the Bankruptcy Court:

1. United States Bankruptcy Judge Sidney M. Weaver's Order Denying Motion of Defendants Theodore B. Gould and Holywell Corporation to Amend Answer and to Join Additional Parties, dated June 28, 1993;

2. Judge Weaver's Order Denying Defendant Theodore B. Gould's Motion for Separate Trial, dated June 28, 1993;[1]

3. Judge Weaver's Order Denying Holywell Corporation and Theodore B. Gould's Motion for Rehearing of June 22, 1993 Order Denying Motion to Enjoin Trustee from Use of Trust Funds to Pay Taxes, Etc., dated August 27, 1993;

---

1. The Bankruptcy Court docket shows that on June 17, 1993 Debtor Gould filed: (1) a Motion for Leave to Amend Answer in Order to Supplement Counterclaims and Cross-claims, and (2) a Motion to Join Additional Parties as Plaintiffs/Defendants. On June 21, 1993, Debtors Gould and Holywell Corporation filed a Motion for Separate Trial. In its Order denying the Motion to Amend and to Join Additional Parties, the Bankruptcy Court misidentifies *Holywell Corporation* as filing with Mr. Gould the Motion for Leave to Amend and Motion to Join Additional Parties. In its Order denying the Motion for Separate Trial, the Bankruptcy Court does not include *Holywell Corporation* as the movant who together with Mr. Gould filed the Motion for Separate Trial. These errors in identifying the particular moving parties are not considered to materially affect this appeal because Debtors Gould and Holywell Corporation are collectively appealing said two Orders entered by the Bankruptcy Court.

4. Judge Weaver's Final Judgment on the Debtors' Counterclaims against the Trustee and Cross-claims against the Bank of New York, dated September 30, 1993;[2] and

5. United States Bankruptcy Judge Paul G. Hyman's Order Denying Motion of Theodore B. Gould for Rehearing of Order Approving Stipulation and Joint Motion for Approval of Compromise and Settlement of Claims of the United States of America, dated November 9, 1993.

This Court heard oral argument on this appeal on September 12, 1994, and has carefully considered all briefs submitted on appeal, oral argument of counsel, the entire record, the applicable law and is otherwise fully advised in the premises. For the following reasons, it is **ORDERED AND AD-JUDGED** that:

1. United States Bankruptcy Judge Sidney M. Weaver's Order Denying Motion of Defendants Theodore B. Gould and Holywell Corporation to Amend Answer and to Join Additional Parties, dated June 28, 1993, is hereby **AFFIRMED in its entirety;**

2. Judge Weaver's Order Denying Defendant Theodore B. Gould's Motion for Separate Trial, dated June 28, 1993, is hereby **AFFIRMED in its entirety;**

3. Judge Weaver's Order Denying Holywell Corporation and Theodore B. Gould's Motion for Rehearing of June 22, 1993 Order Denying Motion to Enjoin Trustee from Use of Trust Funds to Pay Taxes, Etc., dated August 27, 1993, is hereby **AFFIRMED in its entirety;**

4. Judge Weaver's Final Judgment on the Debtors' Counterclaims against the

Trustee and Cross-claims against the Bank of New York, dated September 30, 1993, is hereby **AFFIRMED in its entirety;** and

5. United States Bankruptcy Judge Paul G. Hyman's Order Denying Motion of Theodore B. Gould for Rehearing of Order Approving Stipulation and Joint Motion for Approval of Compromise and Settlement of Claims of the United States of America, dated November 9, 1993, is hereby **AFFIRMED in its entirety.**

### Factual and Procedural Background

Miami Center Limited Partnership borrowed money from the Bank of New York ("Bank") to develop the Miami Center, a hotel and office building complex located in downtown Miami. In August 1984, after it defaulted on the loan, Miami Center Limited Partnership and four affiliated debtors, Theodore B. Gould, Holywell Corporation, Chopin Associates and Miami Center Corporation each filed Chapter 11 petitions. The Bankruptcy Court confirmed the Bank's plan in August 1985.[3] Fred Stanton Smith was appointed Trustee shortly after confirmation. ("Trustee")

The plan did not contain a specific provision for the payment of federal income taxes. On October 10, 1985, the effective date of the plan, the Trustee sold the Miami Center to the Bank's nominee for $255.6 million. The purchase price was satisfied by cancellation of the Bank's $242 million mortgage lien, and payment of the balance in cash.

After the sale of the Miami Center, Debtors and their accountant advised the Trustee in writing that the debtors were responsible for any taxes that might be owed. In mid

---

**2.** It should be noted that the Bank of New York also filed a Notice of Appeal as to the September 30, 1993 Final Judgment, as well as a November 9, 1993 Order Denying the Bank of New York's Motion for Rehearing Clarification or Amendment of Findings and Conclusions on Trustee's Claims, Counterclaims, and Cross-claims. This appeal was designated as Case No. 93–2546–CIV–ARONOVITZ and dismissed by this Court by Order Dismissing Bankruptcy Appeal file dated February 9, 1994.

**3.** In March 1986, this Court affirmed the Bankruptcy Court's Order confirming the Bank of New York's Plan of Reorganization. *Holywell Corp. v. Bank of New York,* 59 B.R. 340 (S.D.Fla. 1986), *appeal dismissed,* 820 F.2d 376 (11th Cir. 1987), *rehearing denied,* 826 F.2d 1010 (11th Cir.1987), 838 F.2d 1547 (11th Cir.1988); *cert. denied,* 488 U.S. 823, 109 S.Ct. 69, 102 L.Ed.2d 46 (1988).

1987, the Debtors however changed their position and claimed that the Trustee was responsible for the tax consequences of the plan. In late 1987, the Trustee filed an adversary proceeding seeking declaration of the tax obligations of the Trust and, if payment was required, a determination of the Bank's responsibility for these sums.

The Bankruptcy Court, the District Court, and the Court of Appeals all ruled that the Trust had no tax liability. *In re Holywell Corp.,* 85 B.R. 898 (Bankr.S.D.Fla.1988), *affirmed,* No. 88–0795 slip op. (S.D.Fla. July 30, 1989), *affirmed,* 911 F.2d 1539 (11th Cir. 1990). The U.S. Supreme Court, however, *reversed* and held that the Trustee was required to file tax returns and pay the tax due as a result of consummation of the plan, pursuant to 26 U.S.C. § 6012(b)(3, 4). *Holywell Corp. v. Smith,* 503 U.S. 47, 112 S.Ct. 1021, 117 L.Ed.2d 196 (1992). The Supreme Court further held that United State's failure to object to confirmation of the plan, which said nothing about filing returns or paying taxes, did not preclude the United States from seeking the payment of taxes from the Trustee.

On remand from the Supreme Court, the Trustee filed an amended adversary complaint to pursue claims against the Bank and to determine the amount and priority of tax obligations.[4] Debtors filed counterclaims against Trustee, both individually and as Trustee for breach of fiduciary duty, gross negligence, and conspiracy to injure another in a trade, practice or profession. Debtors also filed cross-claims against the Bank for negligent misrepresentation, fraud in connection with a case under Title 11, and conspiracy to injure another in a trade, practice or profession.

The Trustee's amended complaint and Debtors' counterclaims and cross-claims were set for trial on June 21, 1993. Four days before trial, on June 17, 1993, Debtor Gould filed two motions including: (1) a Motion for Leave to Amend Answer in Order to Supplement its Counterclaims and Cross-claims (Debtor sought to add counts for alleged RICO violations), and (2) a Motion to Join Additional Parties as Plaintiffs/Defendants. On the day of trial, Debtors filed a Motion for a Separate Trial. All three motions were heard the day of trial and denied by the Bankruptcy Court. On June 28, 1993, the Bankruptcy Court entered two Orders denying the three motions. Debtors appeal this ruling.

On the eve of trial, Trustee and United States reached a settlement of the taxes and the Bankruptcy Court later approved that settlement on September 30, 1993. The case proceeded to trial only on Trustee's claims against the Bank (liability only) and on Debtors' counterclaims and cross-claims. On September 30, 1993, the Bankruptcy Court ruled in favor of the Trustee and the Bank on Debtors' counterclaims and cross-claims. Debtors appeal this September 30th Final Judgment.

On June 22, 1993 (the last day of trial) the Bankruptcy Court entered an Order Denying Debtor Gould's Motion to Enjoin Trustee from Use of Trust Funds to Pay Taxes. Debtors moved for a rehearing of this June 22, 1993 Order and the Bankruptcy Court denied Debtors' Motion for Rehearing on August 27, 1993. Debtors appeal this August 27th denial of rehearing.

After the Bankruptcy Court approved the settlement between Trustee and United States by Order dated September 30, 1993, Debtor Gould filed a Motion for Rehearing of this Order. On November 9, 1993, the Bankruptcy Court denied this Motion for Rehearing. Debtors appeal this November 9th denial of rehearing.

### Standard of Review

In accordance with Federal Rule of Bankruptcy Procedure 8013, the Bankruptcy

---

4. The Bankruptcy Court found the Bank liable to the Trustee under theories of negligence and indemnity. *Smith v. Bank of New York,* 161 B.R. 302 (Bank.S.D.Fla.1993). The Trustee's claims were set for a separate trial on damages.

Court's findings of fact will not be set aside unless clearly erroneous. *In re Chase & Sanborn Corp.,* 904 F.2d 588 (11th Cir.1990); *In re T & B General Contracting, Inc.,* 833 F.2d 1455 (11th Cir.1987). Equitable determinations by the Bankruptcy Court are subject to review under an abuse of discretion standard. *In re Red Carpet Corp. of Panama City Beach,* 902 F.2d 883 (11th Cir.1990). Conclusions of law are subject to *de novo* review. *In re Chase & Sanborn Corp.,* 904 F.2d at 593; *In re Sublett,* 895 F.2d 1381 (11th Cir.1990).

■ While the Bankruptcy Court's factual findings are subject to a clearly erroneous standard, that standard does not apply when determining the propriety of the Bankruptcy Judge's conclusions of law, (i.e.) determination of what law applies or determination of the ultimate legal conclusions resulting from the application of the law to the facts. Legal conclusions made by the Bankruptcy Judge may not be approved by the District Court without an independent determination. *In re Columbia Data Products, Inc.,* 99 B.R. 682, 684 (D.Md.1989), *affirmed,* 892 F.2d 26 (4th Cir.1989); *citing, In re Hunter Sav. Ass'n,* 34 B.R. 368, 374 (Bankr.S.D.Ohio 1983), *reversed on other grounds,* 750 F.2d 536 (6th Cir.1984); *In re Hollock,* 1 B.R. 212, 215 (Bankr.M.D.Pa.1979).

### Appellant Debtors' Arguments on Appeal

Debtors argue that the Bankruptcy Court lacked subject matter jurisdiction to enter the September 30, 1993 Final Judgment denying Debtors' counterclaims against Trustee and denying Debtors' cross-claims against the Bank. Debtors contend that the counterclaims (alleging negligence, conspiracy and breach of fiduciary duty) are not core matters that are referable to the Bankruptcy Judge without consent.

Debtors argue that the Bankruptcy Court abused its discretion when it denied Debtor

Gould's Motion for Leave to Amend its Answer to add counts alleging racketeering. Debtors contend that evidence discovered during depositions warranted amendment of their counterclaims and cross-claims.

Debtors argue that the Bankruptcy Court abused its discretion by denying Debtors' Motion for Separate Trial and by denying Debtor Gould's Motion to Join Additional Parties. Debtors argue that the denial to join additional parties violated Rule 19, Fed. R.Civ.P. which provides for joinder of persons needed for just adjudication. Moreover, Debtors argue that the Order denying joinder of the Bank's attorneys as cross-defendants and Trustee's accountants as counter-defendants, as well as the denial of the motion for separate trial precluded a fair trial on the issues.

Debtors claim that Judge Weaver's September 30th Final Judgment is not in conformity with the Supreme Court's decision in *Holywell Corp. v. Smith, supra.* Moreover, Debtors argue that the Bankruptcy Court erred in denying the Motion to Enjoin Trustee from using the Trust's funds to pay the taxes. Debtors argue that the Trust's funds used to pay the corporate income taxes attributable Holywell Corporation and Miami Center Corporation were assets of Gould's individual estate and that the property of one's estate cannot be used to pay taxes assessed against another taxpayer. Debtors argue that Trustee is personally liable for the taxes under 31 U.S.C. § 3713(b).[5] Finally, Debtors claim that the Bankruptcy Court abused its discretion in denying Debtors' Motion to Modify the Settlement between Trustee and United States.

In summary, Appellee Debtors argue that all Orders on appeal to this Court and described herein should be reversed.

### Appellee Trustee's Arguments on Appeal

In rebuttal, Appellee Trustee argues that it is beyond dispute that the Bankruptcy

---

**5.** 31 U.S.C. § 3713(b) provides:

A representative of a person or an estate (except a trustee acting under title 11) paying any part of a debt of the person or estate before

paying a claim of the Government is liable to the extent of the payment for unpaid claims to the Government.

Court had jurisdiction over the amended complaint and Debtors' counterclaims and cross-claims. Trustee asserts that on remand from the Supreme Court, the amended complaint sought declaratory relief against the federal government in order to determine the priority and amount of the Trust's tax obligations imposed by the Supreme Court. Debtors were named in the amended complaint as interested parties and no affirmative relief was sought against them.

Trustee argues that Debtors voluntarily submitted to the jurisdiction of the court by filing counterclaims against the Trustee and cross-claims against the Bank. Trustee contends that Debtors were not legally compelled to assert their claims as the counterclaims were not compulsory under Rule 13(a), Fed.R.Civ.P.

Trustee further argues that Debtors have waived any right to contest jurisdiction because Debtors specifically admitted in their answer and counterclaim that the Court had jurisdiction.[6] Moreover, the confirmed plan grants the Bankruptcy Court jurisdiction post-confirmation to enter any order necessary or appropriate for the administration of proceedings.

Trustee argues that the Bankruptcy Court properly denied (a) Debtor's Motion to Amend the Counterclaims and Cross-claims, (b) Debtor's Motion to Join Additional Parties, and (c) Debtors' Motion for Separate Trial, as all three motions were untimely. The Motion to Amend and Motion to Join Additional Parties were filed 4 days before trial and the Motion for Separate trial was filed on the day of trial. Trustee asserts that these motions would have dramatically affected the scheduled trial. Trustee argues that the Motion for Separate Trial was essentially a motion for continuance and the Bankruptcy Court properly denied all three motions.

Trustee argues that the Bankruptcy Court did not err in its September 30, 1993 Findings of Fact and Conclusions of Law. In particular, Trustee argues that Debtors failed to prove gross negligence, breach of fiduciary duty and conspiracy. Also, the Bankruptcy Court found that the issues in Debtors' counterclaims and cross-claims had been raised before and that the doctrines of *res judicata* and collateral estoppel bar relitigation.

Trustee argues that the Motion to Enjoin the Use of Trust Monies to Pay Taxes was properly denied by the Bankruptcy Court. Trustee claims that Debtors are estopped from arguing that the assets of the Trust are not available to pay the tax obligations because Debtors argued to the Supreme Court in their Application to Stay Mandate of the Eleventh Circuit's tax decision that: "As we demonstrate below, the statute [26 U.S.C. § 6012(b) ] requires resort to the trust fund."

Moreover, Trustee argues the Supreme Court's decision was limited to the Trustee's obligation to file returns and pay taxes. It did not hold the Trustee personally liable for the taxes and 31 U.S.C. § 3713 does not apply to impose such liability in this case. Trustee notes that 31 U.S.C. § 3713(a)(2) expressly states that it is not applicable to "a case under title 11." Lastly, Trustee argues that there is no evidence that the funds remaining in the Trust are traceable to Gould's bankruptcy estate, as opposed to the estates of his co-debtors.

### Appellee Bank's Arguments on Appeal

Appellee Bank's arguments are in accord with Trustee's arguments. Bank adds that the Bankruptcy Court clearly has subject matter jurisdiction because 11 U.S.C. § 505(a) expressly permits a bankruptcy court to "determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed ..." Bank further argues that 28 U.S.C. § 157(b)(2)(A) provides that "mat-

---

6. Debtors admitted in their answer at ¶ 1 that the "Court does have postconfirmation jurisdiction to exercise supervisory control over the Trustee as an officer of this Court." Debtors also alleged in their counterclaim at ¶ 57 that the Bankruptcy Court had the requisite jurisdiction. Court Paper # 66.

ters concerning the administration of the estate" are "core" bankruptcy matters and § 157(b)(2)(O) characterizes a proceeding "affecting the liquidation of the assets of the estate" as a "core" matter. Bank contends that the Bankruptcy Court accordingly had subject matter jurisdiction over Trustee's adversary proceeding.

Bank argues that the Bankruptcy Court's September 30, 1993 Judgment, Findings and Conclusions are correct and are based upon duly-admitted evidence and applicable case law. Bank claims that Debtors have not shown the Court's findings to be clearly erroneous. Bank argues that the Bankruptcy Court properly denied Gould's Motion to Enjoin Trustee from using Trust Funds to pay the taxes. The Trustee, the United States and the Bank all opposed Gould's motion for injunction. Bank argues that in his motion and at hearing, Gould did not prove any of the essential elements for injunctive relief and the Bankruptcy Court properly denied the motion.

Finally, Bank argues that after devoting two evidentiary hearings to the IRS settlement, the settlement was properly approved by the Bankruptcy Court. Bank states that there was no abuse of discretion by the Bankruptcy Court in approving the settlement.

### United States' Amicus Brief

United States as an interested party in this matter argues that the Bankruptcy Court correctly approved the settlement of federal tax liabilities reached between Trustee and United States. In the settlement, Trustee paid to the United States $10 million in taxes, in addition to amounts previously paid (approximately $3,327,229).

Since the Supreme Court held that Trustee was responsible for the payment of the tax liabilities, Trustee's payment from the Trust fund was proper as the plan gave Trustee all title, right and interest to the trust property. United States argues that Debtors are estopped from arguing that Trustee cannot use

the funds in his possession to pay the taxes since Debtors already argued that Trustee was the only one able to pay the taxes. United States asserts that Debtors' challenge to the tax settlement should be rejected.

In summary, Appellees Trustee and Bank argue that all Orders on appeal to this Court and described herein should be affirmed. Moreover, United States argues that this Court should reject Debtors' challenge to the settlement between the Trustee and United States.

### Discussion

### Bankruptcy Court's Orders (a) Denying Motion of Defendants Theodore B. Gould and Holywell Corporation to Amend Answer and to Join Additional Parties, and (b) Denying Defendant Theodore B. Gould's Motion for Separate Trial, both Orders dated June 28, 1993

■ Upon careful consideration of the arguments made by the parties and a review of the entire record, including all briefs submitted by the parties, Debtors have not demonstrated to this Court that the Bankruptcy Court abused its discretion or erred as matter of law in denying Debtors' three motions. *Motorcity of Jacksonville, Ltd. v. Southeast Bank,* 39 F.3d 292, 297 (11th Cir.1994) (the appellate court's standard of review is abuse of discretion as to a district court's denial of a motion to amend a complaint); *Keweenaw Bay Indian Community v. State,* 11 F.3d 1341, 1346 (6th Cir.1993) (the appellate court reviews a Rule 19(a) finding that a party is necessary to an action under an abuse of discretion standard, whereas a Rule 19(b) determination that a party is indispensable to an action is reviewable *de novo*).

Debtor Gould's Motion for Leave to Amend Answer and Motion to Join Additional Parties were filed 4 days before trial. Debtors' Motion for Separate trial was filed the day of trial. The Bankruptcy Court asked Mr. Gould at trial "why were the amendments filed so late." (6/21/93 Trial Transcript, p. 20) The Bankruptcy Court,

obviously concerned with the timeliness of Debtor's Motions to Amend and to Join Additional Parties, denied them. As to the Motion for Separate Trial, the Court denied it without comment. (6/21/93 Trial Transcript, p. 22)

Bankruptcy Rule 7015 governs amendments in an adversary proceeding. Said rule incorporates Rule 15, Fed.R.Civ.P. which provides that leave to amend "shall be freely given when justice so requires." However, a trial court may deny a motion for leave to amend if permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit. *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1387 (9th Cir.1990), *citing, Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). This Court finds no justice in allowing Debtors to add racketeering claims and nine more parties on the eve of trial considering the long established history of this case before the Bankruptcy Court, this Court, other District Courts in the Southern District of Florida, the Eleventh Circuit and the United States Supreme Court. To permit amendment at this late stage would indeed prejudice the opposing parties in this case. Likewise, Debtors have not shown to this Court that the Bankruptcy Court erred in denying Debtors' Motion for Separate Trial.

### Bankruptcy Court's Order Denying Holywell Corporation and Theodore B. Gould's Motion for Rehearing of June 22, 1993 Order Denying Motion to Enjoin Trustee from Use of Trust Funds to Pay Taxes, Etc., dated August 27, 1993

■ Debtors' have not shown to this Court that the Bankruptcy Court abused its discretion in denying their Motion for Rehearing of the June 22, 1993 Order. *Davis v. Wal–Mart Stores, Inc.,* 967 F.2d 1563, 1566 (11th Cir.1992) (the standard of review for a district court's disposition of a motion for new trial is abuse of discretion). Moreover, Debtors are estopped from arguing that the tax obligation cannot be paid from the Trust funds because Debtors argued to the Supreme Court in their Application to Stay Mandate of the Eleventh Circuit's tax decision that: "As we demonstrate below, the statute [26 U.S.C. § 6012(b) ] requires resort to the trust fund."

■ This Court finds that the Supreme Court's decision in *Holywell Corp. v. Smith, supra.* does not impose personal liability on the Trustee to pay the taxes and, as the Bankruptcy Court properly found, 31 U.S.C. § 3713 [7] does not apply in this title 11 case. Specifically, the Bankruptcy Court held:

> Initially, it is clear that § 3713 is not applicable to cases under title 11. *See* 31 U.S.C. § 3713(a)(2) ... The Court concludes the Trustee is not liable to the debtors pursuant to the doctrine of derived judicial immunity. Final Judgment dated 9/30/93, p. 18.

Therefore, the Bankruptcy Court did not abuse its discretion in denying Debtors' Motion for Rehearing of the June 22, 1993 Order.

### Bankruptcy Court's Final Judgment, Findings of Fact and Conclusions of Law on the Debtors' Counterclaims against the Trustee and Cross-claims against the Bank of New York, dated September 30, 1993

■ The Bankruptcy Court held a trial on these claims on June 21–22, 1993. On September 30, 1993, the Bankruptcy Court ruled in favor of the Trustee and the Bank on Debtors' counterclaims and cross-claims. This Court finds that the Bankruptcy Court had subject matter jurisdiction over Debtors' counterclaims and cross-claims pursuant to

---

7. 31 U.S.C. § 3713 governing priority of Government claims provides in relevant part:

(a)(2) **This subsection does not apply to a case under title 11.**

(b) A representative of a person or an estate **(except a trustee acting under title 11)** paying any part of a debt of the person or estate before paying a claim of the Government is liable to the extent of the payment for unpaid claims to the Government. **(emphasis added)**

11 U.S.C. § 505(a), 28 U.S.C. § 157(b)(2)(A) and § 157(b)(2)(O).[8] Also, subject matter jurisdiction is proper due to the original posture of this case and its subsequent remand from the Supreme Court. The salient findings made by Bankruptcy Court with regard to Debtors' counterclaims and cross-claims are set forth below.

■ As to Debtors' counterclaim of **gross negligence against Trustee,** the Bankruptcy Court found that Trustee's "conduct reflects a high degree of care and a proper and reasonable response to a highly unusual and difficult problem." September 30, 1993, Findings of Fact and Conclusions of Law, p. 10.

As to Debtors' counterclaim of **breach of fiduciary duty against Trustee,** the Bankruptcy Court found that Debtors failed to demonstrate any breach of fiduciary duty, stating that "Trustee complied with each court order governing the tax issues [and] [u]pon the trust being required to file returns and pay taxes, the Trustee did so." September 30, 1993, Findings of Fact and Conclusions of Law, p. 12.

As to Debtors' counterclaim of **conspiracy against Trustee,** the Bankruptcy Court found that Debtors established no conspiracy between Trustee and the Bank. The Bankruptcy Court found that the only evidence of any alleged conspiracy was an indemnity letter between Trustee and Bank, and that the letter by itself was insufficient to prove any "agreement to either accomplish an unlawful purpose or accomplish some purpose not in itself unlawful but by unlawful means." September 30, 1993, Findings of Fact and Conclusions of Law, p. 12.

The Bankruptcy Court further found that the Debtors were estopped and otherwise waived their right to assert these claims due to their prior conduct in this case. The

Court found that the Debtors "engaged in inequitable conduct which precludes any recovery against the Trustee, either individually or in his capacity as Trustee." September 30, 1993, Findings of Fact and Conclusions of Law, p. 18.

As to Debtors' cross-claims of **negligent misrepresentation and fraud against Bank,** the Bankruptcy Court found that Debtors failed to prove such claims. As to Debtors' cross-claim of **conspiracy against Bank,** the Court held that "debtors failed to present any evidence at trial of a conspiracy by the bank or any of its representatives to injure the debtors' trade, practice, profession or business." September 30, 1993, Findings of Fact and Conclusions of Law, p. 23. Finally, the Bankruptcy Court added as an additional reason for dismissing Debtor Holywell's cross-claims and counterclaims was that no attorney appeared for Holywell Corporation at the trial.

Upon careful review of the arguments presented, the entire record and applicable law, Debtors have not shown that the Bankruptcy Court's factual findings are clearly erroneous. Moreover, a *de novo* review of the Court's legal conclusions shows no error with regard to the September 30, 1993 Final Judgment. Said Final Judgment is in conformity with the Supreme Court's decision in *Holywell Corp. v. Smith, supra.* That decision held that the Trustee had to file returns and pay taxes on income attributable to Debtors' property. The Supreme Court never stated that the Trustee was "personally liable" for the tax. Rather, it said that the Trustee had to pay taxes which means the Trustee, in his capacity as Trustee. On remand, a settlement was reached between Trustee and United States to pay those taxes out of the Trust. This is consistent with the confirmed plan which provided that "all costs, expenses and obligations incurred by

---

8. 11 U.S.C. § 505(a) provides in relevant part:

"the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed"

28 U.S.C. § 157(b)(2)(A) provides that "matters concerning the administration of the estate" are "core" bankruptcy matters and § 157(b)(2)(O) characterizes a proceeding "affecting the liquidation of the assets of the estate" as a "core" matter.

the Trustee in administering the Trust or in any manner connected, incidental or related thereto, shall be a charge against the Trust Property." The tax settlement was confirmed by the Bankruptcy Court. The matters which have transpired after remand are consistent with and conform to the Supreme Court's *Holywell* decision. Accordingly, the September 30, 1993 Final Judgment should be **AFFIRMED**.

***Bankruptcy Court's Order Denying Motion of Theodore B. Gould for Rehearing of Order Approving Stipulation and Joint Motion for Approval of Compromise and Settlement of Claims of the United States of America, dated November 9, 1993***

Again, Debtors' have not shown that the Bankruptcy Court abused its discretion in denying Gould's Motion for Rehearing of Order Approving Stipulation. *Davis v. Wal–Mart Stores, Inc., supra.* While Debtors make the statement in their brief that the Bankruptcy Court abused its discretion, Debtors have failed to show **how** the Bankruptcy Court abused its discretion. Accordingly, the November 9, 1993 should be **AFFIRMED**.

In summary and for the reasons set forth herein, it is **ORDERED AND ADJUDGED** that:

1. United States Bankruptcy Judge Sidney M. Weaver's Order Denying Motion of Defendants Theodore B. Gould and Holywell Corporation to Amend Answer and to Join Additional Parties, dated June 28, 1993, is hereby **AFFIRMED in its entirety**;

2. Judge Weaver's Order Denying Defendant Theodore B. Gould's Motion for Separate Trial, dated June 28, 1993, is hereby **AFFIRMED in its entirety**;

3. Judge Weaver's Order Denying Holywell Corporation and Theodore B. Gould's Motion for Rehearing of June 22, 1993 Order Denying Motion to Enjoin Trustee from Use of Trust Funds to Pay Taxes, Etc., dated August 27, 1993, is hereby **AFFIRMED in its entirety**;

4. Judge Weaver's Final Judgment on the Debtors' Counterclaims against the Trustee and Cross-claims against the Bank of New York, dated September 30, 1993, is hereby **AFFIRMED in its entirety**; and

5. United States Bankruptcy Judge Paul G. Hyman's Order Denying Motion of Theodore B. Gould for Rehearing of Order Approving Stipulation and Joint Motion for Approval of Compromise and Settlement of Claims of the United States of America, dated November 9, 1993, is hereby **AFFIRMED in its entirety**.

DONE AND ORDERED.