UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HOLYWELL CORPORATION &
SUBSIDIARIES,
<u>Plaintiff-Appellant,</u>

No. 99-1399

v.

UNITED STATES OF AMERICA,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James C. Turk, District Judge.
(CA-97-131-3-C)

Argued: April 3, 2000

Decided: August 31, 2000

Before WIDENER, Circuit Judge,
Claude M. HILTON, Chief United States District Judge
for the Eastern District of Virginia, sitting by designation,
and David A. FABER, United States District Judge for the
Southern District of West Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Robert Metcalfe Musselman, ROBERT M. MUSSEL-
MAN & ASSOCIATES, Charlottesville, Virginia, for Appellant.
Robert William Metzler, Tax Division, UNITED STATES DEPART-

MENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Loretta C. Argrett, Assistant Attorney General, Robert P. Crouch, Jr., United States Attorney, Bruce R. Ellisen, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Holywell Corporation appeals the dismissal of its suit for a refund of tax payments, arguing that the district court erred in determining that its suit was barred by the doctrine of res judicata. For the reasons adduced below, we affirm.

I.

Holywell Corporation (Holywell) filed for Chapter 11 bankruptcy after a real estate venture in Miami, Florida, failed. The bankruptcy estates of the related entities were consolidated in a reorganization plan which created a liquidating trust. The liquidating trust was vested with all the assets of the debtors for distribution to creditors.

Soon thereafter, the trustee initiated an adversary proceeding to determine his obligation to file returns and pay tax on income generated by property in the liquidating trust. The United States Supreme Court held that the trustee was required to pay the tax due on income attributable to the debtors' property in the liquidating trust. See Holywell Corp. v. Smith, 503 U.S. 47, 52 (1992). The case was remanded to the bankruptcy court, where, after extensive negotiations, the United States accepted an offer of settlement by the trustee to settle the income tax liabilities. The bankruptcy court approved this settlement in 1993 over Holywell's objection. Holywell appealed to the

2

United States District Court for the Southern District of Florida and the United States Court of Appeals for the Eleventh Circuit, both of which affirmed. See In re Holywell Corp., 177 B.R. 991 (S.D. Fla. 1995); Holywell Corp. v. Smith, 208 F.3d 1009 (11th Cir. 2000) (unpublished, table).

In November of 1997, Holywell filed this suit in the United States District Court for the Western District of Virginia, claiming that it is entitled to a refund of over 10.6 million dollars. Holywell claims that the trustee of the liquidating trust paid that amount in taxes which should be credited to Holywell as beneficial owner of property transferred to the trust. The district court granted the United States' motion to dismiss, holding that Holywell's claim was barred by res judicata. The court reasoned that Holywell was seeking a refund for taxes paid as a result of the settlement approved by the bankruptcy court, and was therefore barred from bringing its claim in the district court.

II.

Holywell argues that the district court erred in determining that its claim is barred by the doctrine of res judicata. A party invoking res judicata must establish three elements: 1) a final judgment on the merits in a prior suit, 2) an identity of the cause of action in both the earlier and the later suit, and 3) an identity of parties or their privies in the two suits. See Meekins v. United Tranportation Union, 946 F.2d 1054, 1057 (4th Cir. 1991).

Generally, court-approved settlements receive the same res judicata effect as litigated judgments. See Hoxworth v. Blinder, 74 F.3d 205, 208 (10th Cir. 1996); accord In re Medomak Canning, 922 F.2d 895, 900 (1st Cir. 1990); cf. United States v. Wilson , 974 F.2d 514 (4th Cir. 1992) (holding that bankruptcy court order approving tax settlement between bankruptcy trustee and the United States constituted determination of tax liabilities of debtor's estate even though debtor objected to settlement). Holywell is claiming a refund of taxes paid by the trustee of the liquidating trust. The amount of taxes owed was settled by agreement between the trustee and the United States and was confirmed by the bankruptcy court. Because the settlement was approved by court order in a case now final, the earlier settlement order represents a final judgment on the merits in a prior suit.

3

The prior bankruptcy suit (insofar as it determined the payment of the taxes at issue here) is identical to the instant refund suit. The trustee and the United States determined between themselves the proper amount of taxes to be paid. That very figure is the amount at issue in the case at bar. Accordingly, there is an identity of the cause of action.

There is also an identity of the parties in the earlier bankruptcy action and the current case. The United States and Holywell were both named as defendants in the trustee's adversary proceeding. Both the United States and Holywell were given an opportunity to voice their approval, or object to, the settlement, and both received full hearing of their arguments regarding the propriety of the settlement. Accordingly, there is an identity of the parties in the two suits, and each element of res judicata is present.

III.

Holywell argues that, regardless of the above discussion, the bankruptcy court's order cannot be accorded res judicata effect because the bankruptcy court was not a court of competent jurisdiction to determine the tax liability of the liquidating trust. This argument amounts to a collateral attack on the bankruptcy court's jurisdiction.

"For federal judgments, lack of subject matter jurisdiction generally has no bearing on the preclusive effect of a judgment." 18 James Wm. Moore et al., Moore's Federal Practice § 131.30(1)(d)(iii) (1999 3d ed.). Further, "[f]ederal courts have the authority to determine whether they have jurisdiction, and `[t]heir determinations of such questions, while open to direct review, may not be assailed collaterally.'" In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998) (quoting Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 376 (1940)).

This general rule of finality is open only to narrow exceptions, and "[m]ere error in the exercise of jurisdiction will not render a prior judgment invalid." Bulldog Trucking, 147 F.3d at 352. The exceptions to the rule of finality are situations where 1) the exercise of jurisdiction constitutes a manifest abuse of authority, 2) allowing the challenged judgment to stand would substantially encroach upon the

4

authority of another tribunal or agency of government, or 3) the judgment was rendered by a court lacking capability to make an adequately informed determination as to its own jurisdiction. See In re Bulldog Trucking, Inc., 147 F.3d 347 (4th Cir. 1998) (adopting Restatement (Second) of Judgments § 12 (1982)).

Neither the second nor the third exceptions are at issue here, but both parties have devoted significant argument to the first exception. Both parties make detailed argument on the issue of whether the bankruptcy court did or did not have jurisdiction to resolve the question of the amount of the trustee's tax liability. And indeed the question may be a close one. However, the very fact that both parties can make reasonable arguments on the question suggests that the exercise of jurisdiction by the bankruptcy court could not be"a manifest abuse of authority." Accordingly, we find that the question of whether the bankruptcy court properly exercised jurisdiction over the tax liability question does not alter the res judicata effect of the bankruptcy court's approval of the settlement between the trustee and the United States.

IV.

For the foregoing reasons, the district court properly dismissed Holywell's claim on res judicata grounds. We therefore affirm the district court.

We note that appellant has moved to file a reply brief containing material unauthorized by the rules. That motion is hereby denied as moot. The unauthorized material pertains to an argument that has not been and need not be addressed herein.

AFFIRMED

5