**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

THEODORE B. GOULD; HELEN C.
GOULD,
<u>Plaintiffs-Appellants,</u>

No. 99-2113

v.

UNITED STATES OF AMERICA,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
Norman K. Moon, District Judge.
(CA-98-107-3)

Argued: April 3, 2000

Decided: August 31, 2000

Before WIDENER, Circuit Judge,
Claude M. HILTON, Chief United States District Judge for the
Eastern District of Virginia, sitting by designation,
and David A. FABER, United States District Judge for the
Southern District of West Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Robert Metcalfe Musselman, ROBERT M. MUSSEL-
MAN & ASSOCIATES, Charlottesville, Virginia, for Appellants.
Robert William Metzler, Tax Division, UNITED STATES DEPART-

MENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:**
Loretta C. Argrett, Assistant Attorney General, Bruce R. Ellisen, Rob-
ert P. Crouch, Jr., United States Attorney, Tax Division, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Theodore and Helen Gould appeal the dismissal of their suit for a
refund of tax payments, arguing that the district court erred in deter-
mining that their suit was barred by the doctrine of res judicata. For
the reasons adduced below, we affirm.

I.

Theodore Gould and several related corporate entities filed for
Chapter 11 bankruptcy after a real estate venture in Miami, Florida,
failed. The bankruptcy estates of the related entities were consolidated
in a reorganization plan which created a liquidating trust. The liqui-
dating trust was vested with all the assets of the debtors for distribu-
tion to creditors.

Soon thereafter, the trustee initiated an adversary proceeding to
determine his obligation to file returns and pay tax on income gener-
ated by property in the liquidating trust. The United States Supreme
Court held that the trustee was required to pay the tax due on the
income attributable to the debtors' property vested in the liquidating
trust. See Holywell Corp. v. Smith, 503 U.S. 47, 52 (1992). The case
was remanded to the bankruptcy court, where, after extensive negotia-
tions, the United States accepted an offer by the trustee to settle the
income tax liabilities asserted against the trustee. The bankruptcy

2

court approved this settlement in 1993 over Theodore Gould's objection. Gould appealed to the United States District Court for the Southern District of Florida and the United States Court of Appeals for the Eleventh Circuit, both of which affirmed. See In re Holywell Corp., 177 B.R. 991 (S.D. Fla. 1995); Holywell Corp. v. Smith, 208 F.3d 1009 (11th Cir. 2000) (unpublished, table).

In October 1997, Theodore and Helen Gould filed an income tax return for 1996 reporting a tax liability of $9,747. They claimed on the return estimated tax payments of $3,091,159 and sought a refund of $3,000,412. The Internal Revenue Service did not allow the claim for a refund, stating that the Goulds had made no estimated tax payments and still owed $9,747 for the 1996 tax year.

In November 1998, the Goulds filed this suit in the United States District Court for the Western District of Virginia, claiming that they were entitled to a refund of over three million dollars. The Goulds claim that the trustee of the liquidating trust paid over three million dollars in estimated taxes which should be credited to Mr. Gould as the beneficial owner of property transferred to the trust. The district court granted the United States' motion to dismiss, holding that the Goulds' claim was barred by res judicata. The court reasoned that the Goulds were seeking a refund for taxes paid as a result of the settlement approved by the bankruptcy court, and were therefore barred from bringing their claim in the district court.

II.

The Goulds argue that the bankruptcy court's approval of the tax settlement is not entitled to preclusive effect because the necessary elements of res judicata are not met. A party invoking res judicata must establish three elements: 1) a final judgment on the merits in a prior suit, 2) an identity of the cause of action in both the earlier and the later suit, and 3) an identity of parties or their privies in the two suits. See Meekins v. United Transportation Union, 946 F.2d 1054, 1057 (4th Cir. 1991).

Generally, court-approved settlements receive the same res judicata effect as litigated judgments. See Hoxworth v. Blinder, 74 F.3d 205, 208 (10th Cir. 1996); accord In re Medomak Canning, 922 F.2d 895,

3

900 (1st Cir. 1990); cf. United States v. Wilson , 974 F.2d 514 (4th Cir. 1992) (holding that bankruptcy court order approving tax settlement between bankruptcy trustee and the United States constituted determination of tax liabilities of debtor's estate even though debtor objected to settlement). The Goulds are claiming a refund of taxes paid by the trustee of the liquidating trust. The amount of taxes owed was settled by agreement between the trustee and the United States and was confirmed by the bankruptcy court. Because the settlement was approved by court order in a case now final, the earlier settlement order represents a final judgment on the merits in a prior suit.

The prior bankruptcy suit (insofar as it determined the payment of the taxes at issue here) is identical to the instant refund suit. The trustee and the United States determined between themselves the proper amount of taxes to be paid. That very figure is the amount at issue in the case at bar. Accordingly, there is an identity of the cause of action.

There is also an identity of the parties in the earlier bankruptcy action and the current case. The United States and Theodore Gould were both named as defendants in the trustee's adversary proceeding. Both the United States and Gould were given an opportunity to voice their approval of, or objections to, the settlement, and both received full hearing of their arguments regarding the propriety of the settlement. As to Helen Gould, she is apparently named as a plaintiff in this lawsuit merely because she filed a joint tax return with her husband, Theodore Gould. Thus Helen Gould's claim is derivative of Theodore Gould's claim. Accordingly, there is an identity of the parties in the two suits, and each element of res judicata is present.

III.

The Goulds argue that, regardless of the above discussion, the bankruptcy court's order cannot be accorded res judicata effect because the bankruptcy court was not a court of competent jurisdiction to determine the tax liability of the liquidating trust. This argument amounts to a collateral attack on the bankruptcy court's jurisdiction.

"For federal judgments, lack of subject matter jurisdiction generally has no bearing on the preclusive effect of a judgment." 18 James

4

Wm. Moore et al., Moore's Federal Practice§ 131.30(1)(d)(iii) (1999 3d ed.). Further, "[f]ederal courts have the authority to determine whether they have jurisdiction, and `[t]heir determinations of such questions, while open to direct review, may not be assailed collaterally.'" In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998) (quoting Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 376 (1940)).

This general rule of finality is open only to narrow exceptions, and "[m]ere error in the exercise of jurisdiction will not render a prior judgment invalid." Bulldog Trucking, 147 F.3d at 352. The exceptions to the rule of finality are situations where 1) the exercise of jurisdiction constitutes a manifest abuse of authority, 2) allowing the challenged judgment to stand would substantially encroach upon the authority of another tribunal or agency of government, or 3) the judgment was rendered by a court lacking capability to make an adequately informed determination as to its own jurisdiction. See In re Bulldog Trucking, Inc., 147 F.3d 347 (4th Cir. 1998) (adopting Restatement (Second) of Judgments § 12 (1982)).

Neither the second nor the third exceptions are at issue here, but both parties have devoted significant argument to the first exception. Both parties make detailed argument on the issue of whether the bankruptcy court did or did not have jurisdiction to resolve the question of the amount of the trustee's tax liability. And indeed the question may be a close one. However, the very fact that both parties can make reasonable arguments on the question suggests that the exercise of jurisdiction by the bankruptcy court could not be"a manifest abuse of authority." Accordingly, we find that the question of whether the bankruptcy court properly exercised jurisdiction over the tax liability question does not alter the res judicata effect of the bankruptcy court's approval of the settlement between the trustee and the United States.

IV.

For the foregoing reasons, the district court properly dismissed the Goulds' claim on res judicata grounds. We therefore affirm the district court.

AFFIRMED

5